UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
RALPH L. CAVALIERI, M.D.,   REPORT AND
                Plaintiff,   RECOMMENDATION
      - against -
TJH MEDICAL SERVICES, P.C., et al.,   14-CV-1818 (ILG) (JO)
                Defendants.
----------------------------------------------------------X

James Orenstein, Magistrate Judge:

      In a letter-motion dated October 9, 2014, the defendants in this age discrimination and retaliation case belatedly seek leave to amend their Answer so as to plead a defense based on evidence acquired in discovery. Docket Entry ("DE") 21 (the "Motion"). Plaintiff Ralph Cavalieri, ("Cavalieri") opposes the motion in a letter dated October 15, 2014. DE 23. For the reasons set forth below, I respectfully recommend that the court deny the motion.[1]

      First, as a procedural matter, the defendants have not shown good cause for failing to amend prior to the presumptive deadline of August 29, 2014. *See* DE 17 (scheduling order). The defendants received the evidence on which they now rely 24 days before the amendment deadline, but did not review it until more than a month after the deadline had passed. *See* Motion at 2 (noting that counsel only reviewed the evidence in early October 2014). Regardless of the other demands on counsel's time, the failure to review evidence during that period does not satisfy the pertinent standard of good cause. *See* Fed. R. Civ. P. 16; *Louis*, 2014 WL 5311455, at *1-2.

      Second, the proposed amendment is futile. The defendants seek to add the following defense to their Answer: "Some or all of the Plaintiff's claim are barred by virtue of after-acquired

---

[1] "'[D]istrict courts in this circuit have suggested that a magistrate judge's denial of a motion to amend a [pleading] should be treated as dispositive, while a grant of the same motion should be treated as non-dispositive.'" *Louis v. Metro. Transit Auth.*, 2014 WL 5311455, at *1 (E.D.N.Y. Oct. 16, 2014) (quoting *Tyree v. Zenk,* 2009 WL 1456554, at *3 (E.D.N.Y. May 22, 2009)) (alteration mine).

evidence of Plaintiff's wrongful and/or unlawful conduct." Motion at 1. However, in explaining the legal basis for the proffered defense, the defendants cite authority that demonstrates its futility.

The defendants observe that "'[t]he after-acquired evidence defense limits remedies that are available to a plaintiff who is found to have engaged in conduct during the course of her employment that would have resulted in her termination at that time had the defendants known of the conduct.'" Motion at 3 (quoting *Sigmon v. Parker Chapin Flattau & Klimpl*, 901 F. Supp. 667, 682-83 (S.D.N.Y. 1995). As a doctrine that merely "limits" the "remedies" available to a successful plaintiff, it is relevant only to damages – it is not a defense to liability and therefore is futile if pleaded as such. In any event, its absence from the defendants' answer does not preclude the defendants from seeking to limit the plaintiff's damages should he prove them liable on his claims.

The distinction between a defense to liability and a limitation of damages is particularly sensible in the context of a discrimination claim, where the plaintiff alleges that he was subjected to an adverse employment action as the result of his employer's unlawfully discriminatory animus. If a plaintiff can prove that his employer did in fact act as the result of such invidious discrimination, it would plainly frustrate the remedial regime to allow the employer to escape liability because it was unaware of facts that, if discovered earlier, might either have provided camouflage for its bigotry or postponed the day when some employee would be its victim. *See McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352, 358-62 (because an " employer could not have been motivated by knowledge it did not have … it cannot [rely on after-acquired evidence of misconduct to] claim that the employee was fired for the nondiscriminatory reason[;]" such evidence may limit the available remedies, but allowing it to bar liability would frustrate the legislative goal of combating workplace discrimination).[2]

---

[2] Like the plaintiff in *McKennon*, plaintiff Cavalieri claims that the defendants discriminated against him on the basis of his age. *See* DE 1 (Complaint) ¶ 2. To be sure, the claim here arises under municipal rather than federal law, but that only serves to exacerbate the futility of the proffered

2

Moreover, the proffered amendment is also futile because the defendants do *not* propose to plead that they would in fact have terminated the plaintiff on the basis of the cited evidence of misconduct. Although their counsel's letter makes such an assertion (albeit not as part of the proposed addition to the Answer), they do no more than cite evidence that termination as the most severe sanction available for the misconduct they allege. In addition, all of the after-acquired evidence of alleged misconduct that defendants cite in support of their motion to amend relates to events that occurred after April 14, 2011 – the date on which Cavalieri alleges the defendants advised him to resign before "it gets ugly" and as an alternative to "big problems." Complaint ¶ 39. As a result, there is no basis to conclude that the alleged misconduct could have affected the employment action about which Cavalieri complains, as his theory is predicated on an allegation that the discriminatory decision had already been made before he engaged in the conduct upon which the defendants rely.

For the foregoing reasons, I respectfully recommend that the court deny the defendants' motion to amend the Answer. Any objections to this Report and Recommendation must be filed no later than December 1, 2014. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

SO ORDERED.

Dated: Brooklyn, New York
November 12, 2014

/s/
JAMES ORENSTEIN
U.S. Magistrate Judge

---

defense, as the municipal age discrimination law is subject to more liberal construction than its federal counterpart. *See Mihalik v. Credit Agricole*, 715 F.3d 102, 109 (2d Cir. 2013).