UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
RALPH L. CAVALIERI, M.D.,

               Plaintiff,

   - against -

TJH MEDICAL SERVICES, P.C., et al.,

               Defendants.
----------------------------------------------------------x

MEMORANDUM AND ORDER

14 Civ. 1818 (ILG) (JO)

GLASSER, Senior United States District Judge:

Pending before the Court are Defendants' objections to Magistrate Judge ("MJ") Orenstein's Report and Recommendation ("R&R") that Defendants' motion for leave to file an amended Answer, made after the deadline fixed in a scheduling order for filing such motions, be denied. For the following reasons, the R&R is REJECTED and Defendants' motion is GRANTED.

## BACKGROUND

Plaintiff, Dr. Ralph Cavalieri, commenced this action against his former employers, TJH Medical Services, P.C., ("TJH") and the Jamaica Hospital Medical Center ("Hospital," together with TJH, "Defendants") alleging age discrimination and retaliation in violation of the New York State Human Rights Law. See Compl., Dkt. No. 1. Through discovery, Defendants learned in early October 2014 that Plaintiff had printed and removed from Hospital grounds emails containing sensitive patient health information, in violation of the Hospital's policy and HIPAA. See Defendants' Objections to Report & Recommendation ("Objections") at 2 (Dkt. No. 28). Based on this newly-discovered evidence of Plaintiff's misconduct, Defendants sought to assert an "after-acquired evidence defense" by adding the following proposed amendment to their

1

Answer: "Some or all of Plaintiff's claims are barred by virtue of after-acquired evidence of Plaintiff's wrongful and/or unlawful conduct." See Letter Motion to Amend (Dkt. No. 21) at 1.

Defendants filed a motion to amend their Answer on October 9, 2014, after the August 29, 2014 deadline for such amendments set in the Scheduling Order. See id. On November 12, 2014, MJ Orenstein issued his Report and Recommendation ("R&R"), which recommended that the Court deny Defendants' request. See Dkt. No. 25. He concluded that (1) the proposed amendment was futile and (2) Defendants failed to show "good cause" to belatedly amend their Answer. See id. Defendants filed their Objections to the R&R on December 1, and Plaintiff filed his Opposition to Defendants' Objections on December 10 (Dkt No. 31).

## STANDARD OF REVIEW

"For dispositive matters, the district court reviews de novo the parts of the R&R to which the parties object." Louis v. Metro. Transit Auth., No. 12 Civ. 6333, 2014 WL 5311455, at *1 (E.D.N.Y. Oct. 16, 2014) (citing Fed. R. Civ. P. 72(b)(3)). District courts in this Circuit have held that a magistrate judge's denial of a motion to amend a pleading should be treated as dispositive. See id.; see also Moss v. Stinnes Corp., No. 92 Civ. 3788, 1995 WL 62685, at *1 (S.D.N.Y. Oct. 25, 2005); Children First Found., Inc. v. Martinez, No. 04-CV-0927, 2007 WL 4618524, at *4 (N.D.N.Y. Dec. 27, 2007) ("a [magistrate judge's] denial of a motion to amend is dispositive where the denial is based on futility . . ."). Thus, the Court reviews the R&R de novo.

## DISCUSSION

I.   **Futility of the Amendment**

Defendants' amendment purports to bar "some or all of Plaintiff's claims" by virtue of the evidence of Plaintiff's wrongdoing, which they discovered after his employment ended.[1]  Yet, according to the Supreme Court, such "after-acquired" evidence of an employee's misconduct cannot bar claims of employment discrimination. See Greene v. Coach, Inc., 218 F. Supp. 2d 404, 413 (S.D.N.Y. 2002) (citing McKennon v. Nashville Banner Publ'g Co., 513 U.S. 352, 360-61 (1995)).  Rather, it limits only the scope of recovery, i.e., front pay and back pay for the period after the employer learned of the employee's wrongful conduct.  See McKennon, 513 U.S. at 360-62.  With respect to the limitation on back pay, the Court in McKennon explained:

> The object of compensation is to restore the employee to the position he or she would have been in absent the discrimination, but that principle is difficult to apply with precision where there is after-acquired evidence of wrongdoing that would have led to termination on legitimate grounds had the employer known about it.  Once an employer learns about employee wrongdoing that would lead to a legitimate discharge, we cannot require the employer to ignore the information, even if it is acquired during the course of discovery in a suit against the employer and even if the information might have gone undiscovered absent the suit.  Id. at 362.

It made clear that "the employee's wrongdoing becomes relevant not to punish the employee," but rather to "take due account of the lawful prerogatives of the employer in the usual course of its business." Id. at 361.

Defendants' ambiguous terminology has caused analytic difficulty in resolving this discrete issue.  They seek to plead their after-acquired evidence defense as follows: "some or all of Plaintiff's *claims* are barred by virtue of after-acquired evidence of

---

[1] The R&R concluded that the evidence of Plaintiff's misconduct cannot support this defense because it relates to events that occurred after his alleged "constructive discharge" from the Hospital.  However, the alleged misconduct occurred before he resigned on July 26, 2011.  Even if he prevails in proving that he was constructively discharged before the alleged misconduct occurred, there is no binding precedent in this Circuit that precludes Defendants from using this evidence to support their defense.  See Ellis v. Cygnus Enters., LLC, No. CV 11-711, 2012 WL 259913, at *3 (E.D.N.Y. Jan. 3, 2013) ("The Second Circuit has never had occasion to decide whether post-employment misconduct can support an after-acquired evidence defense.") (internal citations omitted).

Plaintiff's wrongful and/or unlawful conduct." Letter Motion to Amend at 1 (emphasis added). However, the evidence only limits certain *damages*, namely front pay and back pay for the period after Defendants learned of Plaintiff's wrongful conduct. Defendants argue that they are not attempting to limit their liability entirely (as the R&R concludes) and state that "the limitations of the after acquired evidence doctrine are not in dispute." See Objections at 4.

Although Defendants' pleaded terminology is imprecise, their after-acquired evidence defense is not substantively futile. If the Answer were amended, it would preclude Plaintiff from recovering back pay for the period after October 2014, when Defendants first learned of his misconduct, which allegedly would have been grounds for termination.[2] "Once an employer learns about employee wrongdoing that would lead to a legitimate discharge, [the court] cannot require the employer to ignore the information." See McKennon, 513 U.S. at 362. Defendants should not be precluded from asserting this limitation on Plaintiff's recovery due to what is essentially a technical defect in their pleading.

The Court therefore rejects the R&R's conclusion regarding the amendment's futility. In the interests of precise pleading, Defendants should frame their proposed amendment to explicitly aver the appropriate limitation on Plaintiff's recovery of front pay and certain back pay, rather than "Plaintiff's claims."

II.     **Good Cause**

---

[2] Contrary to the R&R's conclusion, the Court finds that Defendants did "propose to plead that they would in fact have terminated the plaintiff on the basis of the cited evidence of misconduct." See R&R at 3. The Motion to Amend described Plaintiff's violations of the Hospital's confidentiality policy, pursuant to which any violation will subject the employee to disciplinary action, "up to and including termination." See Confidentiality Policy, Ex. A to Letter Motion to Amend.

Defendants have shown "good cause" to belatedly amend their Answer. The good cause standard "requires a party to show that despite its having exercised diligence, the applicable deadline could not have been reasonably met." See, e.g., Perfect Pearl Co. v. Majestic Pearl & Stone, Inc., 889 F. Supp. 2d 453, 457 (S.D.N.Y. 2012) (internal quotations and citations omitted). "A party fails to show good cause when the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline." Id. Defendants received nearly one thousand pages of initial disclosures (which contained evidence of Plaintiff's wrongful conduct) on August 5, 2014. See Letter Motion to Amend at 2. Over the next two months, the parties reviewed and produced thousands of documents, pursuant to an expedited discovery schedule. See id. In the course of that process, Defendants found the evidence of Plaintiff's misconduct in early October, and filed their motion the following week. See id.

The R&R noted that Defendants received the documents on which they rely 24 days prior to the amendment deadline, but did not find the evidence of misconduct until over a month after the deadline had passed. R&R at 1. It concluded that "[r]egardless of the other demands on counsel's time, the failure to review evidence during that [two month] period does not satisfy the pertinent standard of good cause." Id. Other courts in this district, however, have held that good cause existed to belatedly amend a pleading under similar circumstances. For example, Judge Spatt recently granted a motion to amend made two years after the deadline for amendments had expired. Denis v. Home Depot, U.S.A., Inc., No. 10-CV-3227, 2014 WL 6632486, at *4 (E.D.N.Y. Nov. 21, 2014). There, plaintiff filed a motion to amend on the basis of evidence he discovered within the "hundreds of pages" that defendant produced in discovery. Id. The court held that plaintiff had demonstrated "good cause" even though he filed his

5

motion three months after defendant produced the documents.  Id.; see also Bryant v. Carlisle Carrier Corp., No. 13-CV-578, 2014 WL 712592, at *2 (E.D.N.Y. Feb. 25, 2014) (finding good cause existed for belated amendment to defendants' Answer where defendants sought to add counterclaim two months after discovering evidence that supported their proposed counterclaim).

Defendants have similarly established that "despite . . . having exercised diligence, the applicable deadline could not have been reasonably met."  See Perfect Pearl Co., 889 F. Supp. 2d at 457.  Furthermore, Plaintiff will suffer no prejudice as a result of the amendment—fact discovery is ongoing through March 20, 2015 and the parties have filed no dispositive motions.  See Objections at 3.  Accordingly, Defendants have shown "good cause" to amend their Answer.

## CONCLUSION

For the foregoing reasons, the R&R's recommendation is REJECTED and Defendants' motion to amend is GRANTED.

SO ORDERED.

Dated:	Brooklyn, New York
	December 30, 2014

/s/
I. Leo Glasser
Senior United States District Judge